UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL MOORE aka ) | |
| STEVEN T. ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 15-0030 (TSC) |
| ) | |
| ) | |
| E.L. TATUM, JR., ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Petitioner, proceeding *pro se*, seeks habeas relief from his conviction entered in the Superior Court of the District of Columbia. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1). On March 3, 2015, the Court denied the petition in part and ordered petitioner to supplement the record with regard to his claim of ineffective assistance of appellate counsel ("IAAC claim"). *See* Mem. Op. and Order at 5-6 (ECF No. 2). Petitioner has complied by filing two separate documents that the Court will consider together. *See* Pet'r's Supp'l Documents (ECF No. 3); Pet'r's Supp'l Pleading (ECF No. 4).

For the reasons explained below, the Court finds that the combined supplemental pleading does not warrant issuing a show cause order. *See* Mem. Op. at 1, quoting 28 U.S.C. § 2243. Petitioner was directed to: (1) clarify whether he retained Attorney Kevin McCants to appeal the denial of post-conviction relief or to appeal the denial of

his motion to withdraw the guilty plea, and (2) document the exhaustion of his local remedies with regard to the IAAC claim.

The Court can quickly dispose of the second issue.  According to petitioner, the District of Columbia Court of Appeals ("DCCA") denied his motion to recall the mandate on November 14, 2012, *see* Pet'r's Supp'l Pleading at 1, which would have concluded the available local remedies for exhaustion purposes.[1]  *See Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009) (agreeing with concurring opinion that "D.C. prisoners who challenge the effectiveness of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get a second bite at the apple in federal court.").

As for the IAAC claim, petitioner states that Mr. McCants was hired "to appeal the denial of [his] initial D.C. Code § 23-110 motion and file [another such motion] against petitioner's post[-]conviction Attorney Archie M. Nichols during the pendency of petitioner's appeal[.]"  Pet'r's Supp'l Docs. at 1.  Exhibit 12 of the Supplemental Documents establishes that petitioner, while represented by Mr. McCants, "did not pursue" the avenue that could have reinstated his untimely direct appeal but instead filed a collateral motion under D.C. Code § 23-110.  *Robinson v. United States*, No. 10-CO-277, slip op. at 2 (D.C. Jun. 22, 2011) (ECF No. 3 at pp. 32-35).  As previously determined, a claim predicated on counsel's performance during § 23-110 proceedings is foreclosed because "[t]he ineffectiveness or incompetence of counsel during Federal

---

[1]  Petitioner points to Exhibit 15, *see* Pet'r's Supp'l Pleading at 1, but the record contains no such exhibit.  The Court has no reason to disbelieve petitioner and, thus, accepts that he exhausted his local remedies.

or State collateral post-conviction proceedings shall not be a ground for relief in a [§ 2254] proceeding." Mar. 3, 2015 Mem. Op. at 4 (quoting 28 U.S.C. § 2254(i)).

Petitioner argues that his ineffective assistance claim falls within a narrow exception recognized by the Supreme Court. *See* Pet'r's Supp'l Pleading at 2-3. In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), upon which petitioner relies, the Supreme Court determined that where a state's collateral proceedings "provide the first occasion to raise a claim of ineffective assistance at trial," a prisoner has a constitutional right to the effective assistance of counsel during the collateral proceeding. As a result, a prisoner may overcome a procedurally defaulted claim of constitutional error by showing that his post-conviction counsel was ineffective. *Id*. at 1315; *see id*. at 1316 ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."). The Court subsequently extended the *Martinez* exception where the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal[.]" *Trevino v. Thaler*, 133 S.Ct. 1911, 1921 (2013).

Neither *Martinez* nor *Trevino* is applicable here because petitioner did not default his ineffective assistance claim. On the contrary, the attachment to petitioner's Supplemental Pleading shows that the Superior Court fully addressed the performance of both trial and post-conviction counsel under the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and found no "constitutional infirmaries" present to warrant holding a hearing. *United States v. Robinson*, No. 2006 CF1 002942, slip op. at 9 (D.C. Super. Ct. Aug. 20, 2012), *aff'd*, (D.C. Jul. 16, 2013) (ECF No. 4 at pp. 4-15).

In that decision, the Superior Court recounts petitioner's "first motion pursuant to D.C. Code § 23-110," claiming ineffective assistance of trial counsel, which was denied in December 2009 following an evidentiary hearing.  *Id*. at 2-3; *see* Pet'r's Ex. 12 (DCCA's Jun. 22, 2011 affirmance).  Hence, *Martinez* and *Trevino* are inapplicable also because the challenge to Mr. McCants' representation does not arise from his performance during an "initial-review collateral proceeding," *Martinez*, 132 S.Ct. at 1315, 1316, or a direct appeal, *Trevino*, 133 S.Ct. at 1921.  *See Martinez*, 132 S.Ct. at 1316 (differentiating heightened concern over attorney error made in initial-review collateral proceedings where "it is likely that no state court at any level will hear the prisoner's claim" from attorney error made "in other kinds of postconviction proceedings" where "the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding") (citations omitted).

## CONCLUSION

The supplemental record establishes Mr. McCants' representation as that of post-conviction counsel.  Consequently, 28 U.S.C. § 2254(i) deprives this Court of jurisdiction to entertain the remaining aspect of petitioner's ineffective assistance claim.  A separate order of dismissal accompanies this Memorandum Opinion.

Date:  May 27, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge